UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
RENAISSANCE SEARCH PARTNERS,            :
                                        :       12 Civ. 5638 (DLC)
                        Plaintiff,      :
                                        :       OPINION AND ORDER
        -v-                             :       ADOPTING REPORT AND
                                        :       RECOMMENDATION
RENAISSANCE LIMITED L.L.C., et al.,     :
                                        :
                        Defendants.     :
                                        :
----------------------------------------X

DENISE COTE, District Judge:                         12/13/13

        On November 27, 2012, the parties to this action, with the

exception of defendant Darryl Miller, reached an agreement to

settle this case during a conference before Magistrate Judge

Netburn.  The settling parties had agreed to file a stipulation

of dismissal within sixty days.  In a Report and Recommendation

of January 31, 2013, Judge Netburn indicated that the required

stipulation had not been filed, but that the case had

nonetheless settled and should be dismissed.  This Court issued

an Order of Discontinuance on February 4.

        On February 5, the Court received an application from

plaintiff's counsel to withdraw from representing plaintiff.  On

February 6, the Court received a letter from plaintiff objecting

to this request and indicating that the parties had failed to

reach an agreement on the final terms of the settlement.  An

Order of February 8 reopened the case and directed the parties

to resume settlement discussions before Judge Netburn.  On
August 5, the plaintiff filed a motion to enforce the settlement
agreement that had been reached in November.  Defendants failed
to respond.

On October 15, Judge Netburn issued a Report and
Recommendation (the "Report") suggesting that the motion be
granted and the settlement enforced as to all defendants except
Miller.  The Report suggested that a default be entered against
Miller for failure to defend.  The deadline for submitting
objections to the Report was November 1, and no party submitted
objections.  For the following reasons, the Report's
recommendations are adopted in part.


DISCUSSION

When deciding whether to adopt a report, a court "may
accept, reject, or modify, in whole or in part, the findings or
recommendations made by the magistrate judge."  28 U.S.C. §
636(b)(1)(C).  To accept those portions of a report to which no
timely objection has been made, "a district court need only
satisfy itself that there is no clear error on the face of the
record."  King v. Greiner, No. 02 Civ. 5810 (DLC), 2009 WL
2001439, at *4 (S.D.N.Y. July 8, 2009) (citation omitted).

"A trial court has inherent power to enforce summarily a
settlement agreement when the terms of the agreement are clear

and unambiguous." Omega Engineering, Inc. v. Omega, S.A., 432 F.3d 437, 444 (2d Cir. 2005). "A settlement agreement is a contract that is interpreted according to general principles of contract law." Powell v. Omnicom, 497 F.3d 124, 128 (2d Cir. 2007). A "voluntary, clear, explicit, and unqualified stipulation of dismissal entered into by the parties in court and on the record is enforceable even if the agreement is never reduced to writing, signed, or filed." Role v. Eureka Lodge No. 434, I.A. of M & A.W. AFL-CIO, 402 F.3d 314, 318 (2d Cir. 2005). To determine whether the parties intended to be bound in the absence of a writing, a court considers

> (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

Powell, 497 F.3d at 129.

The settlement agreement at issue in this case was entered into by the parties (with the exception of Miller) on the record at a November 27, 2012 settlement conference before Judge Netburn. Judge Netburn recited the terms of the agreement on the record, which required, among other things, that the defendants pay the plaintiffs a certain sum in five installments over the course of one year, and asked the parties whether anything had been omitted. The parties indicated that Judge

3

Netburn had not omitted anything, and each verbally agreed to be bound by the settlement.  The defendants subsequently made one of the five payments, but did not make any further payments.

The Report properly concluded that the parties agreed to be bound in the absence of a writing.  In particular, the four factors espoused in Powell all weigh in favor of finding that a contract was created: no party expressly reserved the right not to be bound, there was partial performance of the contract, and all the terms of the contract were agreed upon.  While a settlement agreement is usually put in writing, the one at issue here was not particularly complex, and was placed on the record in court.  See Ciaramella v. Reader's Digest Ass'n, Inc., 131 F.3d 320, 325 (2d Cir. 1997).

The Report properly concluded that Miller was not a party to the settlement agreement, as he had not attended the November 27 settlement conference.  While the plaintiff argued that Miller had later signed a written version of the agreement, the evidence presented to Judge Netburn was not sufficient to support this conclusion, as it consisted of only a single page bearing Miller's signature.

The Court declines, however, to enter an immediate default as to Miller, as the Report suggested.  An Order to Show Cause filed concurrently with this Order will give Miller a final opportunity to continue defending this action.

CONCLUSION

Finding no clear error in Magistrate Judge Netburn's Report, the Report is adopted in part.  It is hereby

ORDERED that plaintiff's August 5 motion to enforce the settlement agreement is denied as to plaintiff's claims solely against Miller and granted in all other respects.  The terms of the settlement shall remain those described on the record on November 27, 2012.  Payment in full shall be made by January 17, 2014.

SO ORDERED:

Dated:     New York, New York
           December 13, 2013

_____
DENISE COTE
United States District Judge