```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
RENAISSANCE SEARCH PARTNERS,              :
                                          :    12 Civ. 5638 (DLC)
                   Plaintiff,             :
                                          :    OPINION AND ORDER
          -v-                             :    ADOPTING REPORT AND
                                          :    RECOMMENDATION
RENAISSANCE LIMITED L.L.C., et al.,       :
                                          :
                   Defendants.            :
                                          :
------------------------------------------X
```

DENISE COTE, District Judge:

On November 27, 2012, the parties to this action, with the exception of defendant Darryl Miller, reached an agreement to settle this case during a conference before Magistrate Judge Netburn. The settling parties had agreed to file a stipulation of dismissal within sixty days. In a Report and Recommendation of January 31, 2013, Judge Netburn indicated that the required stipulation had not been filed, but that the case had nonetheless settled and should be dismissed. This Court issued an Order of Discontinuance on February 4.

On February 5, the Court received an application from plaintiff's counsel to withdraw from representing plaintiff. On February 6, the Court received a letter from plaintiff objecting to this request and indicating that the parties had failed to reach an agreement on the final terms of the settlement. An Order of February 8 reopened the case and directed the parties

to resume settlement discussions before Judge Netburn.  On August 5, the plaintiff filed a motion to enforce the settlement agreement that had been reached in November.  Defendants failed to respond.

On October 15, Judge Netburn issued a Report and Recommendation (the "Report") suggesting that the motion be granted and the settlement enforced as to all defendants except Miller.  The Report suggested that a default be entered against Miller for failure to defend.  The deadline for submitting objections to the Report was November 1, and no party submitted objections.  For the following reasons, the Report's recommendations are adopted in part.

## DISCUSSION

When deciding whether to adopt a report, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  To accept those portions of a report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  King v. Greiner, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citation omitted).

"A trial court has inherent power to enforce summarily a settlement agreement when the terms of the agreement are clear

2

and unambiguous." Omega Engineering, Inc. v. Omega, S.A., 432 F.3d 437, 444 (2d Cir. 2005). "A settlement agreement is a contract that is interpreted according to general principles of contract law." Powell v. Omnicom, 497 F.3d 124, 128 (2d Cir. 2007). A "voluntary, clear, explicit, and unqualified stipulation of dismissal entered into by the parties in court and on the record is enforceable even if the agreement is never reduced to writing, signed, or filed." Role v. Eureka Lodge No. 434, I.A. of M & A.W. AFL-CIO, 402 F.3d 314, 318 (2d Cir. 2005). To determine whether the parties intended to be bound in the absence of a writing, a court considers

> (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

Powell, 497 F.3d at 129.

The settlement agreement at issue in this case was entered into by the parties (with the exception of Miller) on the record at a November 27, 2012 settlement conference before Judge Netburn. Judge Netburn recited the terms of the agreement on the record, which required, among other things, that the defendants pay the plaintiffs a certain sum in five installments over the course of one year, and asked the parties whether anything had been omitted. The parties indicated that Judge

3

Netburn had not omitted anything, and each verbally agreed to be bound by the settlement. The defendants subsequently made one of the five payments, but did not make any further payments.

The Report properly concluded that the parties agreed to be bound in the absence of a writing. In particular, the four factors espoused in Powell all weigh in favor of finding that a contract was created: no party expressly reserved the right not to be bound, there was partial performance of the contract, and all the terms of the contract were agreed upon. While a settlement agreement is usually put in writing, the one at issue here was not particularly complex, and was placed on the record in court. See Ciaramella v. Reader's Digest Ass'n, Inc., 131 F.3d 320, 325 (2d Cir. 1997).

The Report properly concluded that Miller was not a party to the settlement agreement, as he had not attended the November 27 settlement conference. While the plaintiff argued that Miller had later signed a written version of the agreement, the evidence presented to Judge Netburn was not sufficient to support this conclusion, as it consisted of only a single page bearing Miller's signature.

The Court declines, however, to enter an immediate default as to Miller, as the Report suggested. An Order to Show Cause filed concurrently with this Order will give Miller a final opportunity to continue defending this action.

CONCLUSION

Finding no clear error in Magistrate Judge Netburn's Report, the Report is adopted in part. It is hereby

ORDERED that plaintiff's August 5 motion to enforce the settlement agreement is denied as to plaintiff's claims solely against Miller and granted in all other respects. The terms of the settlement shall remain those described on the record on November 27, 2012. Payment in full shall be made by January 17, 2014.

SO ORDERED:

Dated:   New York, New York
         December 13, 2013

                                       _____
                                              DENISE COTE
                                       United States District Judge