UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
RENAISSANCE SEARCH PARTNERS,            :
                                        :        12cv5638 (DLC)
                        Plaintiff,      :
                                        :        OPINION & ORDER
             -v-                        :
                                        :
RENAISSANCE LIMITED LLC, et al.,        :
                                        :
                        Defendants.     :
                                        :
----------------------------------------X

APPEARANCES:

For plaintiff:

James A. DeFelice
SARNO & DeFELICE, LLC
235 W. 23rd St., 5th Fl.
New York, NY 10011

For defendants:

Ravinder S. Bhalla
FLORIO PERRUCCI STEINHARDT & FADER, LLC
218 Rt. 17 N., Ste. 410
Rochelle Park, NJ 07662


DENISE COTE, District Judge:

     On December 13, 2013, this Court granted plaintiff's

unopposed motion (the "December 13 Order") to enforce a

settlement agreement (the "Motion to Enforce") against three of

the four defendants in this action, Renaissance Limited LLC

("Renaissance Limited"), Colin Cumberbatch ("Cumberbatch"), and

Robert McCloud ("McCloud") (collectively, "Defendants").[1]  On March 20, 2014, Defendants filed a motion to vacate the December 13 Order.  On July 2, 2014, Magistrate Judge Sarah Netburn issued a Report and Recommendation ("Report") recommending that Defendants' motion to vacate be denied.  For the following reasons, the Report's recommendation is accepted and Defendants' motion is denied.

**BACKGROUND**

Plaintiff Renaissance Search Partners ("Renaissance Search") is an executive search firm founded by three principals, including defendant Miller, that was to be managed in accordance with a 2010 operating agreement.  Plaintiff alleges that Miller violated that agreement by launching a new executive search firm, Renaissance Limited, and falsely representing that Renaissance Limited was simply a new business name for Renaissance Search.  Plaintiff filed this action on July 24, 2012, bringing claims for tortious interference with contract, copyright infringement, trademark infringement, unjust enrichment, breach of contract, breach of fiduciary duty, and breach of the covenant of good faith and fair dealing.  The same day, this case was designated for Electronic Case Filing

---

[1] For purposes of this Opinion, references to "Defendants" exclude defendant Darryl Miller ("Miller"), who was not subject to the December 13 Order enforcing the settlement.  A default has been entered against Miller.

("ECF").

On November 27, plaintiff and defendants appeared before Judge Netburn for a settlement conference, where they reached an agreement to settle this case.  David Ganz, the counsel for defendants, was present at the conference, and individual defendants McCloud and Cumberbatch participated by telephone. The parties agreed that Defendants would pay plaintiff $75,000, dissolve Renaissance Limited, and henceforth conduct business under a new name.  On the record, the Defendants agreed to these terms and agreed to be bound by them.  Defendants made the first of five scheduled payments on January 1, 2013, but failed to make any further payments.

On March 7, attorney Ravinder Bhalla ("Bhalla") filed a notice of appearance on behalf of Defendants and Miller in this action via ECF but failed to register for electronic notices, as required by the S.D.N.Y. Electronic Case Filing Rules and Instructions then in force ("ECF Rules").[2]  See ECF Rules § 20.2. The ECF Rules provide that, "[u]nless excused by the Court, attorneys not already Filing Users [of the Court's ECF system] appearing in cases assigned to the ECF system must register as Filing Users upon the case being so designated."  Id. at § 2.1.

---

[2] The ECF Rules then in force were last updated January 30, 2013. The relevant provisions have not changed substantively since that time.

3

The Rules instruct an attorney to "click to create an 'Association' with the client . . . [and] (b) ensure the 'Notice' box is checked to receive electronic notice of case activity."  Id. at § 20.1.  The Rules warn that an attorney will not receive e-mail notification of filings if an attorney "filed a Notice of Appearance but failed to check the 'Notice' box when creating an association with the client."  Id. at § 20.2. Moreover, the ECF Rules clearly state that "e-mail is not foolproof" and "[t]herefore it remains the duty of the Filing User to review regularly the docket sheet of the case in order not to miss a filing."  Id. at § 13.13; see also id. at § 9.1 ("It remains the duty of the Filing User to regularly review the docket sheet of the case."); id. at § 10 (same); id. at § 19.6 (same).

     Bhalla appeared at a June 7 conference before Judge Netburn.  He does not explain how he learned of that conference. The plaintiff's intention to file the Motion to Enforce was discussed at the conference.

     On August 1, Bhalla joined a new firm.  Bhalla states that he "set up email forwarding" so that he would "receive emails that were sent to [his] prior email address."  Yet, as noted above, Bhalla had never registered to receive Notice of Electronic Filing or NEF alerts to his prior email address.  Nor

4

did Bhalla register his new office address with the Clerk of
Court, as required by this district's rules.  See Local Rule
1.3(d).

On August 5, plaintiff filed its Motion to Enforce the
settlement agreement.  Defendants did not file opposition to the
motion, which was due August 19.  Plaintiff's counsel has said
that a copy of the Motion to Enforce was mailed to Bhalla's
prior law office; Bhalla claims it was never received at his new
address even though he had arranged with the Post Office to
forward his mail and has been regularly receiving other mail
addressed to his prior office.  On October 15, Judge Netburn
recommended granting the motion as to all defendants except
Miller.  The Defendants filed no objections to that
recommendation.  On December 13, this Court entered an Order
enforcing the settlement agreement against Defendants, and
required full payment by January 17, 2014.

On January 8, 2014, counsel for plaintiff emailed Bhalla to
ask whether Bhalla would appear in Court the following day in
response to an Order to Show Cause regarding the default of
defendant Miller.  Bhalla claims that until he received the
January 8 email he had not been aware of the January 9 hearing,
or of any activity since his June 7 appearance in court.
Despite knowing that a motion to enforce the settlement

agreement would be filed, he never checked the docket sheet in the case or contacted plaintiff's counsel.

On January 8, Bhalla requested an adjournment, which was granted.  Ultimately, Bhalla applied to withdraw as counsel for Miller and that application was granted.  More than two months later, on March 20, Defendants filed a motion to vacate the December 13 Order.  That motion was referred to Judge Netburn on March 21.  On July 2, 2014, Judge Netburn recommended that Defendants' motion be denied.  Defendants filed objections to the Report on July 10; plaintiff responded in support of the Report on July 24.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) permits relief from a judgment on the basis of, among other things, "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Excusable neglect is an "elastic concept" that "is not limited strictly to omissions caused by circumstances beyond the control of the movant."  Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 392 (1993); accord Padilla v. Maersk Line, Ltd., 721 F.3d 77, 83 (2d Cir. 2013). The determination is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." In re Enron Corp., 419 F.3d 115, 122 (2d Cir. 2005) (quoting

6

Pioneer, 507 U.S. at 395).  Courts consider factors including
"(1) the danger of prejudice to the [non-movant], (2) the length
of the delay and its potential impact on judicial proceedings,
(3) the reason for the delay, including whether it was within
the reasonable control of the movant, and (4) whether the movant
acted in good faith."  Id. (quoting Pioneer, 507 U.S. at 395).
Courts in this circuit "have focused on the third factor," in
particular.  Id.  Where a party "fails to follow the clear
dictates of a court rule" and that rule "is entirely clear,"
"the equities will rarely if ever favor [that] party."  Id. at
123 (citation omitted).

When considering a magistrate judge's report, a district
court "may accept, reject, or modify, in whole or in part, the
findings or recommendations made by the magistrate judge."  28
U.S.C. § 636(b)(1)(C).  A district court is to "make a de novo
determination of those portions of the report or specified
proposed findings or recommendations to which objection is
made."  Id.

Here, Bhalla's failings were multiple.  First, he failed to
register for NEF alerts when he filed his notice of appearance
in this ECF action.  He did not look at the docket sheet at any
time between his appearance on March 7, 2013 and January 8,
2014.  If he had done so, it would have been apparent that he

7

was not receiving NEFs or responding to various court orders. Then, despite the fact that plaintiff's counsel had informed him at the June 7 conference that plaintiff intended to file the Motion to Enforce, Bhalla failed to check the docket sheet in this action or contact plaintiff's counsel to learn if it had been filed.  Despite changing his email and mailing address in August of 2013, he never confirmed that he had succeeded in taking those steps that were necessary to receive communications from the Court and his adversary.

An attorney's obligation to register for NEF alerts in an ECF case, and to regularly check the docket sheet, are "entirely clear" ECF Rules.  See ECF Rules §§ 2.1, 13.13, 20.1-2.  As the Second Circuit noted in a similar case, "[i]t is remarkable that [counsel] could fail to take these most basic steps to receive proper notifications, while at the same time relying entirely on such notifications to ensure" he had timely notice of filings in these actions.  In re Worldcom, Inc., 708 F.3d 327, 340 (2d Cir. 2013).

In addition, the possibility of prejudice to plaintiff is real.  One of the principal reasons parties settle cases is to gain certainty.  Revisiting, for a second time, the enforceability of the parties' settlement agreement -- now nearly two years later -- would fundamentally undermine the

purposes of settlement.  The length of this delay also favors

denial of Defendants' motion, as it would reopen proceedings

that were meant to be closed in the Fall of 2012 and call into

question payments Defendants were ordered to make in January of

2014.  Were a trial necessary, the passage of time would disrupt

the fact-finder's ability to determine the truth.  Although

Bhalla's good faith has not been questioned, in these

circumstances, Defendants cannot establish excusable neglect, or

any other basis for relief under Rule 60(b).

### CONCLUSION

Defendants' March 20, 2014 motion to vacate the December

13, 2013 Opinion and Order is denied.


SO ORDERED:

Dated:   New York, New York
         October 1, 2014


_____
DENISE COTE
United States District Judge

9